PHILIP A. TALBERT
Acting United States Attorney
ALYSON A. BERG
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:21-MC-00001-AWI |
|---|---|
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $60,000.00 IN U.S. CURRENCY, | |
| APPROXIMATELY $10,000.00 IN U.S. CURRENCY, and | |
| ASSORTED MONEY ORDERS VALUED AT $4,000.00 IN U.S. CURRENCY, | |
| Defendants. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On July 10, 2020, agents with the Drug Enforcement Administration ("DEA") seized approximately $60,000.00 in U.S. Currency during a vehicle stop on Golden State Highway north of E Street in Fresno, California.

2. On July 23, 2020, DEA seized approximately $10,000.00 in U.S. Currency and assorted money orders valued at $4,000.00 in U.S. Currency during the execution of a search warrant at 304 East Polk Street, Coalinga, California. The approximately $60,000.00 in U.S. Currency, approximately $10,000.00 in U.S. Currency and assorted money orders valued at $4,000.00 in U.S. Currency are hereafter referred to as the "Defendant Funds."

Consent Judgment of Forfeiture
1

3. DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about October 13, 2020, DEA received a claim from Albert Corona asserting an ownership interest in the Defendant Funds.

4. The United States represents that it could show at a forfeiture trial that, on or about June 17, 2020, DEA agents received information concerning the methamphetamine trafficking activity of Alberto Corona (hereafter "Corona"). As a result of the information, DEA learned that Corona intended to purchase 30 pounds of methamphetamine for a price of $60,000.00. The exchange was to take place on July 10, 2020 at the Pick-N-Pull located at 3230 E. Jensen Avenue in Fresno, California.

5. The United States could further show that on July 10, 2020, law enforcement established surveillance in the vicinity of the Pick-N-Pull parking lot and observed two unidentified males arrive at the parking lot in a gold Nissan Murano. An FPD detective walked past the Nissan Murano and identified the front passenger as Corona. Surveillance observed the Nissan depart from the parking lot and drive to the predesignated meeting location where the narcotics transaction was to take place.

6. The United States could also show that surveillance was maintained on the Nissan Murano as it departed from the parking lot and traveled north on Golden State Highway. FPD detectives initiated a probable cause stop on the Nissan Murano. An FPD detective made contact with the driver and identified the passenger as Corona. The detective asked the driver to exit the vehicle. The detective observed the driver look over to Corona and they both nodded their heads in an up and down motion. The driver told the detective he was armed with a firearm upon which he was sitting.

7. The United States represents that it could show at a forfeiture trial the detective detained the driver in handcuffs, secured the firearm, and escorted the driver to the back of the patrol unit. A detective detained Corona in handcuffs and asked him to stand by the front of the patrol unit. An FPD sergeant and his narcotic detection canine, "Buster," responded to the scene. Buster and his handler conducted a scent search of the vehicle. Buster gave a positive alert to the presence of the odor of narcotics emitting from the center console of the Nissan.

8. The United States could also show that a detective contacted the driver and received verbal consent to search the vehicle. The driver said he was just providing Corona with a ride to Fresno; however, he said there was going to be evidence of a subject who was contacting him through his phone

to purchase pound quantities of methamphetamine.

9. The United States could further show that an FPD detective contacted Corona and asked him whether there was anything illegal inside of the vehicle. Corona said that the only thing he had was $60,000 in the center console of the vehicle. The detective searched the vehicle and located inside the center console a white plastic bag that contained six large individual bundles of U.S. Currency. Corona confirmed the currency inside the white plastic bag had $60,000 in cash. Buster and his handler conducted a scent search of the money located in the center console. Buster gave a positive alert to the presence of the odor of narcotics on the $60,000. Corona claimed ownership of the money and said that the $60,000 was intended to purchase 30 pounds of methamphetamine, but that it was his first time buying narcotics. Corona stated that he was going to use the money from the proceeds of the meth sales for a medical operation that he needed. An official count and denomination breakdown for the currency seized from Corona was as follows: 575 x $100 bills and 50 x $50 bills for a total of $60,000.00 in U.S. Currency.

10. On July 23, 2020, Fresno DEA agents, officers with the California Highway Patrol (CHP), and FPD detectives served a search warrant at Corona's business location located at 304 E. Polk Street, in Coalinga, California. Law enforcement encountered Corona as the owner of the business Coalinga Auto & Truck Diesel Repair, and Corona's wife, Ivonne Angelica Romero de Corona.

11. At a trial, the United States could show that during a search of the business, law enforcement located approximately 25.47 ounces of marijuana, a digital gram scale, and packaging material consistent with narcotics sales in the shop area of the business. Law enforcement observed that a portion of the shop was converted into a sleeping quarters for Corona and his wife. During a search of the main shop area, law enforcement located inside an oil filter box a plastic grocery bag containing approximately $10,000 cash all in $100 bills, together with four money orders, each for $1,000. Corona informed law enforcement that a handgun was in the sleeping quarters. A subsequent search of the area resulted in the location of a stolen loaded Taurus .357 magnum revolver.

12. The United States would further establish that law enforcement arrested Corona for possession of marijuana for sales in violation of California Health & Safety Code § 11359, and for Felon in Possession of a Firearm in violation of California Penal Code § 29800(a)(1). Law enforcement

Consent Judgment of Forfeiture
3

1 transported Corona to the Coalinga Police Department where he was booked and interviewed. Corona was released on a criminal citation.

13. The United States could further show that a detective *Mirandized* Corona. Corona stated that the firearm belonged to his wife, and he knew she had it in their living quarters of the shop. Corona said the marijuana is for personal use for him and his wife and denied selling it, despite that it was located next to a scale and packaging material. Corona claimed the cash and money orders and said he hid it in the room in case someone breaks into the shop.

14. At a trial, the United States could establish that Corona's criminal history includes multiple arrests including two narcotic-related convictions for which he was incarcerated.

15. The United States could further show at a forfeiture trial that the Defendant Funds is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

16. Without admitting the truth of the factual assertions contained in this stipulation, Claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Claimant agrees that an adequate factual basis exists to support forfeiture of the Defendant Funds. Albert Corona hereby acknowledges that he is the sole owner of the Defendant Funds, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the Defendant Funds, Claimant shall hold harmless and indemnify the United States, as set forth below.

17. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

18. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the Defendant Funds were seized.

19. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of the Consent Judgment of Forfeiture, $33,000.00 of the Approximately $60,000.00 in U.S. Currency, approximately $10,000.00 in U.S. Currency, and the four various money orders totaling $4,000.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $27,000.00 of the Approximately $60,000.00 in U.S. Currency shall be returned to Claimant Albert Corona through his attorney, Arturo Hernandez.

4. Claimant Albert Corona withdraws his petition for remission or mitigation filed with the DEA on October 13, 2020, alleging an interest in the Defendant Funds.

5. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the Defendant Funds. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waives the provisions of California Civil Code § 1542.

6. No portion of this stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

7. All parties will bear their own costs and attorney's fees.

8. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described Defendant Funds.

IT IS SO ORDERED.

Dated: May 18, 2021

_____
SENIOR DISTRICT JUDGE